IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

STATE OF GEORGIA,

               Plaintiff,

v.                                     1:10-cv-01564 -WSD

ACHILLES EL SERRIES,

               Defendant.

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Gerrilyn G. Brill's Final Report and Recommendation ("R&R") [3] on Defendant Achilles El Serrie's ("Defendant") Notice of Removal and Affidavit and Request to Proceed *In Forma Pauperis* [1].

On March 10, 2010, Defendant, a resident of East Point, Georgia, was charged with the offense of "Abandonment – Dependent Child" in Georgia State Court. On May 21, 2010, Defendant removed this action to federal district court pursuant to diversity jurisdiction. Defendant claims that the State of Georgia denied his due process rights by false arrest, unlawful imprisonment, fraud, and illegal search and seizure.

On June 17, 2010, Magistrate Judge Gerrilyn G. Brill issued her R&R and recommended that this action be remanded to Georgia State Court.[1] Defendant did not file any objections to the R&R.

## I.     DISCUSSION

### A.     Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  This requires that the district judge "'give fresh consideration to those issues to which specific objection has been made by a party.'" Jeffrey S. by Ernest S. v. State Board of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (quoting H.R. Rep. No. 94-1609, 94th Cong., 2d Sess. (1976)).  With respect to those findings and recommendations to which a party has not asserted objections, the Court must conduct a plain error review of the record.

---

[1]  Magistrate Judge Brill also granted Defendant's request to proceed *in forma pauperis* for remand purposes only.

United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

No objections to the R&R were filed and the Court reviews it for plain error.

B.     Facts

The Magistrate Judge's R&R includes a detailed discussion of the relevant facts. Neither party objected to the Magistrate Judge's findings of fact, and, finding no plain error, they are adopted by the Court. The facts will not be repeated here.

C.     Remand of this action is required

Federal courts are courts of limited jurisdiction, and thus a federal court must take care to ensure that it has jurisdiction for all cases that come before it. Rembert v. Apfel, 213 F.3d 1331, 1333-34 (11th Cir. 2000). To that end, a district court must always answer the question of whether it has subject-matter jurisdiction to hear a case. Id.; Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001) ("[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises."). See also 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks

subject matter jurisdiction, the case shall be remanded."); Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP, 365 F.3d 1244, 1245 (11th Cir. 2004) (recognizing that a district court may *sua sponte* remand a case for lack of subject matter jurisdiction).

28 U.S.C. § 1446 provides the procedure for removal of a state action to federal court and provides that a defendant desiring removal shall file in the federal district court a notice of removal "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Under the removal statute "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant" to federal court. 28 U.S.C. § 1441(a). Removal generally is appropriate in three circumstances: (1) the parties are diverse and meet the statutory requirements for diversity jurisdiction; (2) the face of the complaint raises a federal question; or (3) the subject matter of a putative state-law claim has been totally subsumed by federal law such that the state-law claims are completely preempted. Lontz v. Tharp, 413 F.3d 435, 439-40 (4th Cir. 2005). Where the propriety of removal is in question, the burden of showing removal is proper is on the removing party. Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). "[U]ncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

"To determine whether the claim arises under federal law, [courts] examine the 'well pleaded' allegations of the complaint and ignore potential defenses: '[A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution. It is not enough that the plaintiff alleges some anticipated defense to his cause of action and asserts that the defense is invalidated by some provision of the Constitution of the United States.'" Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003) (quoting Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)); see also Murphy v. Aventis Pasteur, Inc., 270 F. Supp. 2d 1368, 1373 (N.D. Ga. 2003) ("The court must look to the plaintiff's complaint to determine whether removal was appropriate."). Removal jurisdiction is appropriate only if Plaintiff could have filed its original claims in federal court. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).

The Court looks first to whether Plaintiff's well-pleaded allegations raise a question of federal law. 28 U.S.C. § 1331. This is an action for child abandonment grounded entirely in state law and there are no federal claims presented in Plaintiff's charge.[2]

---

[2] To the extent that Defendant asserts he has a claim against Plaintiff grounded in federal law or his defenses are based on federal law, this is not proper grounds to remove the original complaint. See 14B Charles Allen Wright & Arthur Miller,

The Court next considers whether diversity jurisdiction is appropriate. 28 U.S.C. § 1332. Plaintiff is the State of Georgia and Defendant is a Georgia resident. There is no diversity of citizenship between the parties. Even assuming diverse citizenship in this action existed, the well-pleaded allegations of the Complaint do not allege an amount in controversy exceeding $75,000. Id. The Court therefore lacks subject-matter jurisdiction over this action and it is required to be remanded pursuant to 28 U.S.C. § 1447(c).[3]

## II.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Gerrilyn G. Brill's Final Report and Recommendation [3] is **ADOPTED**.

---

FEDERAL PRACTICE AND PROCEDURE § 3722, pp. 402-14 (3d ed. 1998 & Supp.2008); see Caterpillar Inc., 482 U.S. at 399 ("[A] defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated."); Gully v. First National Bank in Meridian, 299 U.S. 109, 113 (1936); see also Hunt v. Lamb, 427 F.3d 725 (10th Cir. 2005) (ordering remand to state court, holding that court lacked jurisdiction over custody dispute, even if defendant sought to vindicate federal civil and constitutional rights by way of defense or counterclaim); Takeda v. Northwestern Nat. Life Ins. Co., 765 F.2d 815, 822 (9th Cir. 1985) (removability cannot be created by defendant pleading a counterclaim presenting a federal question).

[3] The Court also notes that Defendant's Notice of Removal is untimely. 28 U.S.C. § 1446(b).

**IT IS FURTHER ORDERED** that the Clerk of Court is **DIRECTED** to **REMAND** this action to the State Court of Fulton County, Georgia.

**SO ORDERED** this 16th day of July, 2010.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE